UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| TRAVIS J. KIMBROUGH, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 2:25-cv-83 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| HAWKINS CO. JAIL and HAWKINS CO. JAIL MEDICAL STAFF, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Travis J. Kimbrough, a prisoner in the custody of the Tennessee Department of Correction[1] ("TDOC") housed at the Hawkins County Jail, filed a pro se prisoner complaint under 42 U.S.C. § 1983 (Doc. 2) and a motion for leave to proceed *in forma pauperis* (Doc. 1). For the reasons set forth below, the Court will grant Plaintiff's motion and order Plaintiff to file an amended complaint.

I. **MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's motion (Doc. 1) and accompanying certificate (Doc. 5) demonstrates that he

---

[1] The Court takes judicial notice that Plaintiff is in TDOC custody following a 2018 drug conviction in Hawkins County. *See* Tenn. Dep't of Corr., *Felony Offender Information*, https://foil.app.tn.gov/foil/details.jsp (last visited June 18, 2025); *see also Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)).

lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 1) will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee, 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II. COMPLAINT SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the

2

Case 2:25-cv-00083-TRM-CRW    Document 6    Filed 06/24/25    Page 2 of 8    PageID #: 22

PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

### B. Plaintiff's Allegations

On or about February 10, 2025, a "swelling growth appear[ed] on [Plaintiff's] private area" (Doc. 2, at 3). Two days later, once the condition worsened and Plaintiff was in "unbearable pain," he attempted to get the attention of Nurse Megan and Officer Dominquez as they were performing a "med walk thr[o]ugh" (*id.* at 3–4). But Nurse Megan and Officer Dominquez "were rude and neglected [Plaintiff's] medical needs" (*id.* at 4).

On February 14, 2025, Plaintiff put in a medical request and grievance, and a female medical provider prescribed Plaintiff three Ibuprofen without performing an examination (*id.* at 4). The next morning, Plaintiff did not receive any medication, so he informed Nurse Sarah "about [his] problem" (*id.*). Nurse Sarah examined Plaintiff, diagnosed him with a staph infection, gave him a "treatment of multiple pills[,] and gave him a shot intended to last through February (*id.*). Nonetheless, Plaintiff still has groin pains (*id.*).

Additionally, the guards make Plaintiff show them his "private area and situation" in front of the whole pod and gave Plaintiff the nickname "3rd nut" (*id.*). Plaintiff finds this practice degrading, embarrassing, and unprofessional (*id.*).

3

On April 10, 2025, Correctional Officers ("COs") Goins and Siseroll told Plaintiff to lockdown, maintaining Plaintiff disobeyed a "minor" order (*id.*). Plaintiff placed his hands behind his back and spoke to them (*id.*). CO Siseroll tazed Plaintiff, and while he was doing so, CO Goins picked Plaintiff up and "slam[med] [his] head off [the] concre[]te jail floor" (*id.*). Plaintiff was given a disciplinary write up as a result of the incident, which caused him to lose his drug court application (*id.* at 4–5).

On April 14, 2025, Plaintiff put in a medical request related to the "violent blow" to his head (*id.* at 5). Nurse Sarah worried Plaintiff might have a concussion, so she unsuccessfully attempted to get Plaintiff seen by a doctor (*id.*). Instead, Plaintiff was merely placed in a "cam[e]r[a] cell" and given Tylenol (*id.*). Plaintiff "still feel[s] unbal[a]nced when standing or lying down" (*id.*).

On or about May 8, 2025, the Hawkins County Jail opened Plaintiff's mail from this Court without Plaintiff present (*id.*).

Aggrieved, Plaintiff filed his action against the Hawkins County Jail and its medical staff, seeking monetary damages "for pain and suffering[] and the degrading and embar[a]s[s]ing feeling of having to show [his] privates to guards in front of all [i]nmates in the pod" (*id.* at 6).

C.   **Analysis**

To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

First, Plaintiff cannot pursue § 1983 relief against the Hawkins County Jail, because a jail is a building rather than a "person" subject to liability under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to

4

suit under § 1983"). And Plaintiff does not allege that any policies or customs of Hawkins County caused any alleged violation of his constitutional rights, and therefore, the Court declines to construe his claims against Hawkins County itself. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Accordingly, Defendant Hawkins County Jail will be **DISMISSED**.

Second, Plaintiff has also named the Hawkins County Medical Staff as a Defendant. But to the extent Plaintiff's naming of "medical staff" is synonymous with the "medical department," the Court notes that the medical division of a jail is not a "person" under § 1983. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983" because they have no "corporate or political existence"). And, to the extent that Plaintiff intends to sue individual, as-yet-unnamed persons, the mere filing of a complaint does not commence a civil action against that unidentified party. *See Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictitious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by the court," allegations against an unknown defendant "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). Accordingly, Defendants Hawkins County Jail Medical Staff are **DISMISSED**. Inasmuch as the Court cannot address Plaintiff's allegations against any individual(s) identified only as "medical staff" until their

5

identities are known, Plaintiff must amend his Complaint to identify the alleged wrongdoers by name if he intends to purse a medical-care claim in this action.²

Additionally, Plaintiff recounts COs Goins and Siseroll's use of force against him and the subsequent loss of his drug-court application, but these individuals are not listed as Defendants in the complaint. Therefore, it is unclear whether Plaintiff intends to raise a claim against these individuals, and, if so, whether it is a claim for excessive force, an improper disciplinary writeup, and/or some other claim. Therefore, the Court will also permit Plaintiff an opportunity to amend his complaint to specify what constitutional right he believes was violated by these circumstances and the party(ies) responsible for that alleged violation.

Next, Plaintiff's claim that the "Hawkins County Jail" opened his legal mail without him being present is, as addressed above, against a non-cognizable Defendant. However, in his amended complaint, Plaintiff may flesh out his allegations with specific facts and identify the party(ies) responsible for the alleged interference with his mail.

Finally, Plaintiff complains that unidentified guards "mak[e]" him show his "private area" in front of the pod (Doc. 2, at 4). But Plaintiff does not identify these guards, nor does he state the circumstances surrounding this display. For example, he does not state whether he was forced to expose himself in association with his requests for medical care, or whether the guards arbitrarily

---

² The only medical staff members identified in Plaintiff's complaint are (1) Nurse Sarah, who is alleged to have provided Plaintiff with medical treatment, and therefore, is presumably not an intended Defendant; and (2) Nurse Megan, who is alleged only to have been rude and neglectful to Plaintiff's attempts to get her attention (*see* Doc. 2, at 4). Even if Plaintiff had named these individuals as Defendants, his allegations are insufficient to state a plausible claim for the denial of constitutionally adequate medical attention against either of them. *See Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994) (holding a plaintiff states an Eighth Amendment claim with regard to the denial of medical care by showing a "sufficiently serious" need that Defendants met with "deliberate indifference"); *see also Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "[m]isdiagnoses, negligence, and malpractice" are not "tantamount to deliberate indifference").

ordered him to expose himself for no discernable reason. The Court will permit Plaintiff to elaborate on this claim in his amended complaint, also.

Accordingly, the Court **ORDERS** Plaintiff to file an amended complaint within fourteen (14) days of entry of this Order that contains a short and plain statement of specific facts (i.e., the who, what, when, where, why, and how) setting forth exactly how his constitutional rights were violated, the specific party(ies) responsible, and any injury that occurred. Plaintiff must avoid conclusory legal statements or arguments in this amended complaint. The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims, and he is advised that any such claims will be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The named Defendants are **DISMISSED**;

5. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

6. Plaintiff is **ORDERED** to complete the § 1983 form within fourteen (14) days in accordance with the directives stated above;

7. Plaintiff is **NOTIFIED** that failure to comply with this Order will result in the dismissal of this action; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**